Jones, J.
 

 The trial court admitted the father’s
 
 *444
 
 declarations solely upon the ground that they were competent for the purpose of impeaching the testimony of the father.
 

 Cottom was not the real party in interest; he was acting in the capacity of next friend only. Had Cot-tom been the plaintiff in the suit, seeking recovery of damages, declarations made by him as such party that the cause of the collision was his own fault, might be admissible as a declaration of interest as against himself. Were the declarations of fault admissible against the child? Cottom had not denied that the child had broken away from him. That fact was admitted and not subject to impeachment, so the sole purpose- of this testimony was to impeach the credibility of the father by showing that he had stated that the collision was not the defendant’s fault, but the fault of the child.
 

 While the court stated that the declarations were admitted for the purpose of impeachment, and “not to establish any liability or determination of whose fault the accident was,” the undoubted tendency of the admitted testimony was to exculpate the defendant from blame and to place the blame upon the child; and to do this by a mere expression of opinion. The ultimate question to be decided was, Who was negligent or at fault? That was a question of fact to be determined by the jury, and should be determined, not by the conclusion or by the opinion of the witness, but by testimony detailing facts and circumstances from which the jury could determine the issue of negligence. The textbooks amply support the rule that the opinions of witnesses as to who may or may not be negligent are incompetent for the purpose of establishing that
 
 *445
 
 issue; nor are we without authority therefor in our own state.
 
 Fowler
 
 v.
 
 Delaplain,
 
 79 Ohio St., 279, 87 N. E., 260, 21 L. R. A. (N. S.), 100;
 
 Schneiderman
 
 v.
 
 Sesanstein,
 
 121 Ohio St., 80, 167 F. E., 158, 64 A. L. R., 981. The following statement of fact and law appears in the opinion of the latter case, at page 91 of 121 Ohio State, 167 N. E., 158, 161: “In the course of the cross-examination, counsel for the plaintiff asked the witness whether in a conversation with counsel the witness had not previously made certain statements to him which were in effect that the defendant was at fault. A mere conclusion or opinion of the witness was sought, which was not competent either upon direct or cross-examination.” The third proposition of the syllabus is as follows: “A witness who testifies as to facts cannot be discredited by evidence of the expression of an opinion relative to the merits of the case.”
 

 There is a field where opinion evidence, expert in character, may be available; but in that field a witness must qualify as an expert, having a special and peculiar knowledge of the subject, before his opinion may be elicited. The opinion of Cottom, touching the blame for the collision, does not fall within the field of expert testimony. The witness was no better qualified to express an opinion upon that issue, which was the ultimate one to be determined, than any other nonexpert witness. The facts and circumstances surrounding the accident were detailed by Cottom on the trial; and it became the duty of the jury to arrive at their own opinions relative to the merits of the case. The first proposition of the syllabus in the
 
 Fowler case, supra,
 
 is applicable: “A question to a witness which calls for his opinion
 
 *446
 
 on the precise issue of fact which the jury is sworn to determine from the evidence, is incompetent.”
 

 Saunders
 
 v.
 
 City & Suburban Rd. Co.,
 
 99 Tenn., 130, 41 S. W., 1031, is exactly in point, and very similar to the case here. There the question under discussion arose in the manner following: An action had been brought against the defendant for personal injuries received by the plaintiff from a collision with the defendant’s car. In the course of the trial the daughter of the plaintiff was asked on cross-examination if she had not, a few minutes after the accident, told one Hodge that the accident was due to her “father’s fault.” Objection was made and overruled by the court on the ground that it was competent as affecting her credibility as a witness. The daughter answered that she made no such statement. Hodge was then called as a witness for the defendant, contradicted the daughter’s testimony, and said that she had stated “it was her father’s fault, if I remember right. ’ ’ The Tennessee court held that this evidence was inadmissible either as original evidence or as a basis for impeaching the daughter as a witness, upon her denial that she had made such statement; that the matter was collateral, and that the witness ’s: answer was conclusive upon the subject.
 

 The third proposition of the syllabus in
 
 Holmes
 
 v.
 
 Anderson,
 
 18 Barb. (N. Y.), 420, reads: “The statement of the witness, upon which he can be impeached, within that rule, must not only relate to the issue, but it must be a matter of
 
 fact,
 
 and not merely a former
 
 opinion
 
 of the witness in relation to the matter in issue, inconsistent with a different
 
 *447
 
 opinion which the facts testified to by him tend to establish.”
 

 Certainly it cannot be denied that the defendant, in proving his case, would have been precluded from making Cottom his witness and obtaining his opinion as to the cause of the accident. Since he could not have introduced such opinion as original or substantive testimony, he could not do so by way of indirection under the guise of impeaching the witness.
 

 We think that the rule announced in the foregoing authorities,
 
 supra,
 
 holding such testimony inadmissible, either as substantive or as impeaching evidence, is supported by the case of
 
 Krause
 
 v.
 
 Morgan,
 
 53 Ohio St., 26, 40 N. E., 886, holding testimony of this character to be collateral. There it appears, at page 31 of 53 Ohio State, 40 N. E., 886, 887, that in the course of the trial the mine boss of the defendant was asked on cross-examination whether he had not stated to one Ely: “The company is blaming me for the accident; I don’t see why I am to blame; I requested a safety lamp from the company several weeks back, and it didn’t come, and I consider my life worth as much as any other man’s.” The witness denied making the declaration. Plaintiff offered to prove by Ely that the declaration was made to him, but the court refused to admit Ely’s testimony. The Circuit Court held that the exclusion of Ely’s testimony was error; but this court, in reversing the appellate court and affirming the trial court, held that its exclusion by the trial court was not error, for the reason that, if such statement were made, it could not be taken as an admission against the defendants, his employers, since the mine boss
 
 *448
 
 was not shown to have authority to make the statement; and it also held that the matter relating to the statement was collateral.
 

 We therefore hold that, since the claimed declarations were mere expressions of opinion, and were not made by a party to the suit, the ruling of the trial court in admitting them was erroneous. The Court of Appeals • erred in affirming the judgment of the common pleas court. The judgments of the lower courts will be reversed, and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.