J ones, J.
 

 The statement made by the clerk Davies was not made while the clerk was engaged in the prosecution of her principal’s business. She had not waited upon, nor had she served, plaintiff while the latter was a customer at the store. However, she appeared upon the scene very soon after the plaintiff fell. The trial court admitted the testimony under the rule that Davies’ declarations were admissible as a part of the
 
 res gestae.
 
 There is quite a conflict of authority among the courts of the several states as to the admissibility of declarations made after an injury, many of the courts holding that declarations not spontaneously made, but made after and not concomitant with the accident, are narrations of a prior event and therefore inadmissible. However, conceding that declarations made so shortly after the accident should be considered as a part of the
 
 res gestae,
 
 such declarations assum
 
 *314
 
 ing blame for the injury are inadmissible if they were opinions or conclusions of the declarant.
 

 This feature of the case presents the same phase as was decided in
 
 Lane
 
 v.
 
 Bryant, 75
 
 Mass. (9 Gray), 245, 69 Am. Dec., 282. In that case, as in this, the plaintiff’s witness was permitted to testify that a servant of the defendant “had said that the plaintiff was not to blame for what had occurred.” Aside from the question of
 
 res gestae,
 
 Mr. Justice Bigelow in his opinion said: “The opinion of the witness on the subject was incompetent. The real question was, who was actually to blame, and that was to be determined by the jury by the facts in the proof. The plaintiff was not bound by the opinion or declaration of his servant on this question.”
 

 This principle was adhered t© by this court in
 
 Cottom, a Minor,
 
 v.
 
 Klein,
 
 123 Ohio St., 440, 175 N. E., 689, where it was decided that evidence of the character here involved was but the expression of an opinion upon an ultimate issue to be determined by the jury, and therefore inadmissible. The ultimate issue, that of negligence, must be determined by the jury from the testimony detailing facts and circumstances connected with the accident, and not from the opinion or conclusion of the declarant.
 

 The clerk Davies was not a witness in the case; but had she been called to testify she would not have been permitted to give either her opinion or her conclusion that she had caused the injury and did not mean to do it. Her testimony would have been competent had she detailed the facts and circumstances surrounding the accident; thus permitting the jury to decide how and by whose negligence the injury was caused.
 

 
 *315
 
 The admission of the testimony was extremely prejudicial to ■ the defendant below, and the trial court erred in permitting it .to be offered over the objection of the defendant. We find no other prejudicial error in the record. For the reasons stated the judgment of the Court of Appeals will be reversed and the cause remanded to the trial court for further proceeding according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Matthias, Allen, Kinkade and Robinson, JJ., concur.