THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* ROHDES,
APPELLEE AND CROSS-APPELLANT.

[Cite as State *v.* Rohdes (1986), 23 Ohio St. 3d 225.]

(No. 85-1167—Decided May 7, 1986.)

David E. Bowers, prosecuting attorney, and Stephen R. Shaw, for appellant and cross-appellee.

Dapore & Associates Co., L.P.A., and Joseph C. Dapore, for appellee and cross-appellant.

Per Curiam.  Several issues are presented for review by this court by appeal and cross-appeal, each of which will be addressed in turn. For the reasons set forth below, we must reverse the appellate court's ruling and reinstate that of the trial court.

I

The first issue concerns the definition of a lesser included offense. R.C. 2945.74 provides, in pertinent part: "* * * [I]f other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense." This court has held "[a]n offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Wilkins (1980), 64 Ohio St. 2d 382, 384 [18 O.O.3d 528]. In determining whether a conviction of involuntary manslaughter by aggravated menacing may stand after acquittal of the indicted charge of murder, only the second element of the above lesser included offense definition is at issue since involuntary manslaughter by aggravated menacing is obviously of lesser degree than murder and the mental element of intent required for murder is not required to prove the commission of involuntary manslaughter.

The real question here thus becomes whether the murder could not have been committed without also committing the involuntary manslaughter by aggravated menacing. It has been said that "[a]n offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment." State v. Hreno (1954), 162 Ohio St. 193 [55 O.O. 97], paragraph two of the syllabus. "Murder" is defined as purposely causing the death of another. R.C. 2903.02(A). "Involuntary manslaughter" is defined in R.C. 2903.04(B) as causing "the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor." "Aggravated menac-

ing'' is defined as knowingly causing another to believe that the offender will cause serious physical harm to the person. R.C. 2903.21(A).

Appellee's argument that the element of the victim's belief required to prove aggravated menacing, but not murder, means that murder can, in some instances, be committed without committing aggravated menacing ignores Ohio law requiring the focus to be on what elements a trier of fact could reasonably find from the evidence. See *State* v. *Davis* (1983), 6 Ohio St. 3d 91, paragraph two of the syllabus, where we held that where a trier of fact ''* * * could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is required.'' Where the evidence in a criminal case would support a finding by the jury of guilt of a lesser included offense for which the defendant was indicted and tried, the trial court must charge the jury on the lesser included offense. *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79 [31 O.O.2d 60], syllabus; *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 135 [48 O.O.2d 119]. Likewise, where it would be unreasonable for the trier of fact to conclude that the elements of the lesser included offense were established by the evidence, a requested charge to the jury on the lesser offense is properly refused. *State* v. *Kilby* (1977), 50 Ohio St. 2d 21 [4 O.O.3d 80], paragraph two of the syllabus. The statutory elements reasonably deemed to be established in the context of the evidence of a particular case are instrumental to any analysis of lesser included offenses, *State* v. *Jenkins* (1976), 48 Ohio App. 2d 99, 102-103 [2 O.O.3d 73]; a cold comparison of the statutory elements to determine whether they always coincide is irrelevant.

In addition, this court has held that involuntary manslaughter is a lesser included offense of murder, *State* v. *Johnson* (1983), 6 Ohio St. 3d 420, reversed and remanded on other grounds (1984), ____ U.S. ____, 81 L. Ed. 2d 425, 432, fn. 6, and other Ohio courts have held that involuntary manslaughter by aggravated menacing may be a lesser included offense of murder where the evidence in a particular case is such that a trier of fact could reasonably find that the greater offense could not have been committed without the other offense also being committed. *State* v. *Fee* (Nov. 21, 1984), Hamilton App. No. C-840060, unreported; *State* v. *Carter* (Oct. 14, 1983), Miami App. No. 82CA52, unreported. We simply hold that where the evidence in a particular case is such that a trier of fact could reasonably find that one offense could not have been committed without also committing another offense, the latter qualifies as a lesser included offense of the former.

An analysis of the evidence in the case *sub judice* showed that appellee was brandishing a handgun for the purpose of causing another person to believe he would use it if he ''had to.'' Had he not done so, the death of that other person would not have occurred. A trier of fact could, and did,

reasonably find that appellee caused the death of another as a proximate result of the offender's committing the misdemeanor of knowingly causing another to believe that the offender will cause serious physical harm to the person. The trier of fact could also have reasonably found that the appellee purposely caused the death of another. Therefore, by the evidence produced on the record of this case, a trier of fact could have reasonably found that murder could not have been committed without also committing the involuntary manslaughter by way of aggravated menacing. Appellee's conviction of involuntary manslaughter by aggravated menacing constituted conviction of a lesser included offense of a crime, murder, for which he was indicted.

Appellee on cross-appeal also urges this court to hold that failure to instruct the jury on a lesser included offense of negligent homicide was prejudicial error requiring reversal. However, the case law requires that at least some basis for the jury instructions on lesser included offenses must arise from the law and evidence of the case. *State* v. *Loudermill, supra,* at 80, and *State* v. *Jones* (1975), 47 Ohio App. 2d 8, 15 [1 O.O.3d 156]. In the case at bar, even if the jury instruction had been properly requested, the evidence does not, even when construed most favorably to the appellee, present any fact pattern on which a trier of fact could reasonably find appellee guilty of negligently causing the death of another by means of a deadly weapon. Slipping or tripping in the snow, if believed by the jury, is an accident, not the substantial lapse from due care required under R.C. 2903.05 to establish negligence. Under the analysis set forth above, the trier of fact could not reasonably find the existence of the elements of negligent homicide; therefore, in this case, it is not a lesser included offense of murder and instructions as to it were properly rejected by the trial court.

## II

The appellate court also reversed appellee's conviction on the basis that prejudicial error was committed by the trial court's admission of certain testimony into evidence. Patrolman Philip W. Kleman was permitted to testify that, shortly after the incident, Korb was very excited, screaming, very emotional and upset and she stated that she had just "observed her boss being murdered," that he got "killed for no fucking reason." The trial court accepted Korb's statements to be qualified as exceptions to the hearsay rule as excited utterances under Evid. R. 803(2). The appellate court and appellee rely only on Evid. R. 701[1] and this court's decision in *Neisner Brothers, Inc.* v. *Schafer* (1931), 124 Ohio St. 311, to argue that such statements constituted inadmissible conclusions of law.

---

[1] Evid. R. 701 provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

In the case *sub judice,* we are not concerned with a lay witness giving her opinion, but with the trial court's broad discretion to determine whether a declaration should be admissible under the various hearsay exceptions. See *State* v. *Duncan* (1978), 53 Ohio St. 2d 215 [7 O.O.3d 380]; *Potter* v. *Baker* (1955), 162 Ohio St. 488 [55 O.O. 389]. The trial court's finding that the statements in question constituted excited utterances is not an abuse of that discretion in light of the fact that Korb had been sitting in the truck in the driveway on which the homicide had occurred shortly before making the statements.

Thus, the sole issue is whether the trial court's admission of such statements, properly found to be an exception to the hearsay rule and otherwise admissible, is error solely because such statements contain the declarant's appraisal of the incident. We hold that the trial court did not contravene the Rules of Evidence by its admission of such statements. Since Korb was the only witness present at the time of the shooting besides the defendant, her view of the events was highly relevant to a fact at issue, thus complying with Evid. R. 401. Additionally, it cannot be said that any prejudicial effect substantially outweighed such probative value, as is evidenced by the jury's not guilty verdict on the murder charge, thus complying with Evid. R. 403(A). Finally, testimony is not made inadmissible solely because it embraces an ultimate issue. Evid. R. 704. Under all the facts and circumstances of this case, no error was committed in admitting the statements in question.

## III

Appellee contends on cross-appeal that admission of the handgun seized without a warrant from his home after his arrest was prejudicial error. The state argues that the seizure was permissible under the well-established "plain view" exception to the warrant requirement in that: (1) the gun was discovered inadvertently while turning off the appellee's television; (2) the incriminating nature of the gun after discovery of a gunshot victim was immediately apparent; and (3) the police were lawfully in the place which afforded the plain view of the gun because the United States Supreme Court has held that "* * * when the police come upon the scene of a homicide they may make a prompt warrantless search of the area, to see if there are other victims or if a killer is still on the premises." *Mincey* v. *Arizona* (1978), 437 U.S. 385, 392. Without deciding whether all the factual prerequisites of the *Mincey* exception to the warrant require-

---

The Staff Note to this rule elaborates on the "helpful" requirement, indicating such may be satisfied if the testimony aids in "efficiency of proof and to practicability." This rule seems to allow non-experts to testify as to their opinions based on facts and common observation and experience when it is not practicable to place before the jury all the primary facts upon which they are founded, *Railroad Co.* v. *Schultz* (1885), 43 Ohio St. 270, 282, subject to the trial court's discretion to exclude prejudicial, confusing, or misleading testimony under Evid. R. 403.

ment are here met, we hold only that admission of the gun into evidence in a trial in which the defendant admitted shooting the victim, and whose defense was shooting by accident, is not prejudicial, if error at all.

## IV

The appellee also contends that the penalty enhancement statute for offenses involving a firearm, R.C. 2929.71,[2] is inapplicable to cases where the only act committed was a misdemeanor. In theory, this argument has merit, since that statute requires conviction of a felony and of a firearm specification, but is inappropriate in the instant case where appellee's only act was not the misdemeanor offense of aggravated menacing, but causing the death of another by committing a misdemeanor. Appellee was convicted of involuntary manslaughter, an aggravated felony of the third degree, R.C. 2903.04(C), and of the firearm specification, thus the penalty enhancement statute is applicable.

Appellee challenges the statute's applicability to lesser included offenses. The language of R.C. 2929.71 requiring that the offender be convicted of *a felony* and of a specification charging him with "having a firearm on or about his person or under his control while committing *the felony*" (emphasis added) clearly is satisfied upon conviction of a lesser included offense of the indicted felony so long as the lesser included offense of which he is convicted is also a felony. As discussed above, involuntary manslaughter is a felony and thus satisfies this requirement.

Appellee's contention that the penalty enhancement statute is an unconstitutional delegation of a judicial function was not raised below and need not be considered upon review, since such argument was apparent but not presented at the trial level. *State* v. *Awan* (1986), 22 Ohio St. 3d 120, syllabus.

Based upon all of the foregoing, the judgment of the court of appeals is reversed, and the conviction and sentence entered by the trial court are hereby reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

[2] R.C. 2929.71 provides, in pertinent part:

"(A) The court shall impose a term of actual incarceration of three years * * *, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. * * *"