THE STATE OF OHIO, APPELLEE, *v.*
GOMEZ, APPELLANT.

(No. S-88-3 — Decided
November 4, 1988.)

*R. Bradford Culbert,* for appellee.
*Alfred Cooper,* for appellant.

*Per Curiam.* This case is an appeal from the Sandusky County Court No. 2, wherein appellant was convicted of four counts of vehicular homicide.

On May 6, 1987, defendant-appellant, Marcos Gomez, was traveling eastbound on Township Road 55. At that same time, Angelita S. Ortiz was driving southbound on County Road 66, which intersects Township Road 55. Angelita S. Ortiz's children, Abbigael, age twelve, Alexandria, age five, and Adrianna, age two, and another child, Jeremy T. Peck, age five, were passengers in the Ortiz car. Appellant, upon approaching County Road 66, failed to stop at the intersection even though stop signs were posted. Angelita Ortiz's car hit appellant's truck as it went through the intersection. Dead at the scene of the accident were Angelita and Abbigael Ortiz and Jeremy T. Peck. Alexandria Ortiz was hospitalized but died shortly thereafter.

Appellant on the day of the accident was cited for violation of R.C. 4511.43, failure to yield the right-of-way. On May 22, 1987, a criminal complaint was issued against appellant, charging him with four counts of vehicular homicide. R.C. 2903.07(A). Appellant was served with the complaint on May 31.

Appellant, on May 26, went to the office of the clerk of courts in order to make his violations payment on the traffic offense. The employee of the clerk of courts accepted the payment and appellant asked her if he should sign anything. She advised him not to, informing him that signing would constitute a plea of guilty. Appellant did not sign anything and left the office.

Subsequently, appellant filed a motion to dismiss and a plea of "once in jeopardy" to the four counts of vehicular homicide. Appellant argued that failure to yield the right-of-way, of which he alleged he already had been convicted, is a lesser included offense of vehicular homicide. The trial court in its decision on the motion found that appellant did not comply with the Traffic Rules because he neither timely paid his fine nor properly entered a guilty plea. The court held that because the traffic violation had not yet been disposed of and appellant had not been convicted, appellant had failed to show that there had been any initial jeopardy.

Thereafter, appellant changed his

plea to no contest to the vehicular homicide charges and was found guilty. On December 18, 1987, the trial court sentenced appellant in accordance with the law.

Appellant timely appealed the conviction and asserts two assignments of error:

"First Assignment of Error

"The court erred in denying the defendant-appellant's plea of once in jeopardy and in denying his motion for dismissal.

"Second Assignment of Error

"The court erred in finding the defendant-appellant guilty of four counts of negligent vehicular homicide after having entered a conviction for failure to yield the right-of-way arising out of the same facts."

Appellant bases his double jeopardy argument on the premise that he already has been convicted of failing to yield the right-of-way at a stop sign. Because the employee of the clerk of courts accepted his money for the traffic offense, he contends that he has been duly convicted of violating R.C. 4511.43.

The Ohio Traffic Rules state within what time one must pay a fine and how one can enter a plea of guilty:

"A defendant charged with an offense which can be processed by a traffic violations bureau may, within seven days after the date of issuance of the ticket:

"(1) Appear in person at the traffic violations bureau, sign a plea of guilty and waiver of trial provision of the ticket and pay the total amount of the fine and costs, or

"(2) Sign the guilty plea and waiver of trial provision of the ticket, and mail the ticket and a check or money order for the total amount of the fine and costs to the traffic violations bureau. * * *" Traf. R. 13(D).

Appellant argues that despite his failure to meet technical requirements of the Traffic Rules, acceptance of his violation payment was tantamount to a conviction. Furthermore, appellant contends that at the hearing held on December 15, 1987, the trial court agreed with this assertion. Indeed, the record seems to indicate that at the December hearing, the court, together with both parties, stipulated that the payment of the bond, or "violations payment," constituted a conviction, even though appellant never properly entered a guilty plea.

Traf. R. 12, however, governs the receipt of a guilty plea:

"The pleas of guilty and no contest shall be received only by personal appearance of the defendant in open court, except that, the plea of guilty may be received in accordance with Rule 13 at a regularly established traffic violations bureau. * * *

"The receipt of a plea contrary to the provisions of these rules is forbidden."

Appellant argues that remittance of the fine without signing still constitutes a guilty plea. However, Traf. R. 13(D) specifically states that this applies only to remittance by mail.

Appellant did not follow Traf. R. 13. He made his payment more than seven days after the issuance of the citation and did not sign the guilty plea provision on the ticket. In fact, appellant admits that he deliberately did not sign the ticket because he was told that signing would mean an admission of guilt.

Because a guilty plea was not properly received in accordance with Traf. R. 13 and because receipt of a plea contrary to these rules is forbidden, see Traf. R. 12, we find that the trial court was correct in its July 1987 decision when it held that appellant had not yet entered a guilty plea and had not been convicted of violating R.C. 4511.43. It follows then that if this is true, appellant has not been "once in

jeopardy" and his double jeopardy argument is moot.

Even assuming, however, that payment of the fine does constitute a conviction, appellant's argument that double jeopardy bars the vehicular homicide conviction is incorrect. It is elemental that "* * * [n]o person shall be twice put in jeopardy for the same offense." Section 10, Article I, Ohio Constitution. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And, it protects against multiple punishments for the same offense.' *North Carolina* v. *Pearce,* 395 U.S. 711, 717 (1969) (footnotes omitted)." *Brown* v. *Ohio* (1977), 432 U.S. 161, 165. The Double Jeopardy Clause also protects one from being prosecuted for a greater offense if one already has been convicted of a lesser included offense. See *Ohio* v. *Johnson* (1984), 467 U.S. 493, 501.

Appellant contends that failure to yield the right-of-way is a lesser included offense of vehicular homicide. Because of his alleged traffic violation conviction, appellant asserts that his constitutional right against double jeopardy has been violated by a subsequent conviction of vehicular homicide.

The Ohio Supreme Court recently formulated the proper test for determining whether an offense is a lesser included offense:

"An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree, as statutorily defined, also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. * * *" *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 513

N.E. 2d 311, paragraph one of the syllabus.

The *Kidder* court disapproved of much of the analysis used in *State* v. *Rohdes* (1986), 23 Ohio St. 3d 225, 23 OBR 382, 492 N.E. 2d 430. In *Kidder,* the court emphasized that its longstanding rule remains that "* * * evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense. * * *" *Kidder, supra,* at 282, 513 N.E. 2d at 315.

R.C. 4511.43 states in pertinent part:

"(A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."

R.C. 2903.07(A) states in full:

"No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall negligently cause the death of another."

The statutory elements of R.C. 4511.43(A) are: driver of a vehicle; shall stop upon approaching a stop sign; and shall yield the right-of-way to any vehicle in the intersection. The statutory elements of R.C. 2903.07(A) are: any person while operating or participating in the operation of a motor

vehicle; negligence; and cause death of another. R.C. 2903.07(A) does not require failure to yield the right-of-way. Clearly, one can commit vehicular homicide without violating R.C. 4511.43. Because it fails the second prong of the *Kidder* test, R.C. 4511.43(A) is not a lesser included offense of R.C. 2903.07(A).

R.C. 4511.43(A) and 2903.07(A) are two separate offenses which may be tried separately. Because each statutory provision " '* * * requires proof of a * * * fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' * * *'" *Blockburger* v. *United States* (1932), 284 U.S. 299, 304.

Failure to yield the right-of-way is not a lesser included offense of vehicular homicide. Appellant could be convicted of violating both statutes without any infringement of his constitutional right against double jeopardy. The trial court correctly denied appellant's motion to dismiss. Accordingly, we find that appellant's first assignment of error is not well-taken. Further, because failure to yield the right-of-way is not a lesser included offense of vehicular homicide, appellant's conviction of vehicular homicide does not violate his constitutional right against double jeopardy. Appellant's second assignment of error is thus found not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court is affirmed. This cause is remanded to said court for execution of sentence. Pursuant to App. R. 24, it is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and GLASSER, JJ., concur.