OPINION
On July 24, 1998, the Licking County Grand Jury indicted appellant, Jeffrey McCullough, on six counts of gross sexual imposition in violation of R.C. 2907.02(A)(1)(b). Said charges arose from incidents involving a five year old girl. A jury trial commenced on October 14, 1998. Because the child victim was unable to answer questions, the trial court ruled the testimony of Ms. Susan Gibson, a registered nurse, as to statements made by the child victim, was admissible. Thereafter, appellant pled no contest to three of the charges. The trial court found appellant guilty. T. at 224. By judgment entry filed November 12, 1998, the trial court sentenced appellant to six months in jail and community control sanctions. The remaining three charges were dismissed. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE HEARSAY STATEMENTS OF THE ALLEGED VICTIM WERE STATEMENTS MADE FOR THE PURPOSES OF MEDICAL DIAGNOSIS AND TREATMENT AND, THUS, ADMISSIBLE FOR THEIR TRUTH.
 I
Appellant claims the trial court erred in determining the child victim's statements to nurse Gibson were made for the purposes of medical diagnosis or treatment and therefore admissible. Appellee, the State of Ohio, claims this issue was not properly preserved for appeal because appellant did not allow the jury to reach a final decision as to guilt or innocence. In support, appellee cites this court to State v. Amburgey (1993), 86 Ohio App.3d 635, wherein our brethren from the Second District held a plea of no contest does not preserve for appeal various adverse evidentiary rulings by the trial court. Appellee also cites State v. Benson (March 31, 1992), Wood App. No. 90WD102, unreported, wherein the court reviewed a case similar to the case sub judice and held as follows: * * * we find no authority that permits a defendant to appeal an evidentiary ruling made in a trial that was prematurely terminated by a no contest plea. To allow a defendant to plead no contest immediately following an adverse evidentiary ruling and then appeal that ruling, would be to permit a defendant to interrupt his trial at any time to pass questions as to the admissibility of evidence on to the court of appeals in the hope of prevailing and having the opportunity to start his trial over again.
Appellant's no contest plea was entered into after the voir dire of the perspective witness, nurse Gibson, and other individuals including Cindy Robson, the social worker who was present during nurse Gibson's evaluation of the child victim. These voir dires were conducted in accordance with the following dicta from State v. Dever (1992), 64 Ohio St.3d 401, 410: The trial court has broad discretion to determine whether a declaration should be admissible as a hearsay exception. State v. Rohdes (1986), 23 Ohio St.3d 225,229, 23 OBR 382, 385, 492 N.E.2d 430, 434; see, generally, State v. Duncan (1978), 53 Ohio St.2d 215, 7 O.O.3d 380,373 N.E.2d 1234. The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case. For example, the trial court may consider whether the child's statement was in response to a suggestive or leading question (as was the case in Idaho v. Wright), and any other factor which would affect the reliability of the statements (such as the bitter custody battle in State v. Boston). Following these voir dires, the trial court ruled nurse Gibson's testimony regarding the child victim's statements was admissible pursuant to Evid.R. 803(4) (hearsay statements admissible if made for the purposes of medical diagnosis or treatment). T. at 212-213. The trial court then took a recess. During this recess, appellant communicated to the trial court his desire to change his plea to no contest. After court resumed, appellee proffered State's Exhibit No. 5, the medical records in the case to indicate "what it was that the Court utilized in completing the voir dire of the witnesses and specifically of Sue Gibson." T. at 214-215. The trial court then held the following: THE COURT: Let me make sure the record is absolutely clear on this point. I was going to allow Nurse Gibson to testify concerning that which she remembers the child telling her in the emergency room on July 18, 1998, okay? And that is virtually the same testimony she gave here on voir dire. Same testimony when we talked about the victim's statements.
T. at 215.
Appellant then entered his no contest plea without ever presenting nurse Gibson's testimony to the jury. Appellant argues his plea was an "Alford" plea and therefore the complained of error was in fact preserved for appeal. In State v. Post (1987), 32 Ohio St.3d 380,387, the Supreme Court of Ohio discussed "Alford" pleas and extended them to include no contest pleas: Appellant relies principally on dicta in North Carolina v. Alford (1970),400 U.S. 25, 38, 55 O.O. 2d 85, 91, fn. 10, wherein the court cautioned that guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea. Nonetheless, the court in Alford found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge. Id. at 37-38, 56 O.O. 2d at 91. Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt. Id.
(Footnote 5) We note that although Aflord, supra, involved a guilty plea, Crim.R. 11(C) applies to both no contest and guilty pleas; therefore, the rulings in Alford apply with equal force here.
As the record demonstrates, appellant entered an "Alford" plea, maintaining his innocence. However, contra to appellant's position is the trial court's following statement that appellant's plea was made to avoid a harsher sentence: The Court further finds that there has been a factual basis presented by way of the testimony here today and by way of my ruling on the admissibility of the nurse's statements. I'm sorry, of the victim's statements by the nurse.
This Court accepts the fact that the defendant is not agreeable with those facts and does not agree with them but is entering a plea of no contest to avoid a much harsher sentence should the defendant proceed on with trial and be found guilty.
T. at 224.
We are sympathetic to the plight of a party who, in losing an argument regarding potentially damaging testimony, tries to cut his/her losses and negotiate a lesser sentence. However, we are not convinced that the record sub judice is sufficient to preserve the complained of error for appeal. At oral argument, appellant's counsel asserted the no contest plea was an open agreement between appellant, appellee and the trial court to preserve the matter for appeal. We do not believe the record substantiates this position. When the disputed evidence is not placed in the trial record before the trier of facts, we find the matter is not preserved for appeal. The Hobson's choice is that when there is an adverse evidentiary ruling, the aggrieved party must pursue the trial to its end. How else can an appeals court adequately review the damage of an evidentiary ruling in light of the entire record? Appellant argues because the testimony of nurse Gibson was all there was, the complained of error was preserved for appeal. We find agreeing with this argument would lead appellate courts down a "slippery slope" where any party aggrieved by an adverse evidentiary ruling could "opt out" for a no contest plea. We are aware the substantive evidentiary issue raised sub judice is a matter of grave importance. For this reason, we find a "Murnahan" appeal appropriate and grant appellant leave to so file. See, State v. Murnahan (1992), 63 Ohio St.3d 60. We hereby reappoint Andrew T. Sanderson, Esq. to handle said appeal. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.