DECISION AND JUDGMENT ENTRY
{¶ 1} Ernie L. Bowling, Jr. appeals his conviction and sentence for driving while under the influence of alcohol (DUI). He asserts that the trial court erred in admitting the officer's testimony that a woman told him Appellant had been driving the vehicle. Because the officer's testimony explained his investigatory actions, we conclude that the court properly admitted his testimony for that limited purpose and not for the truth of the statement. However, we find merit in Appellant's contention that his conviction was not based on sufficient evidence. Other than the officer's testimony that the woman was seated in the passenger's seat, the State presented no evidence that Appellant was driving. Therefore, we reverse the judgment of the trial court.
 {¶ 2} One evening, Patrolman Zachary Taylor and Sergeant Conley discovered a vehicle pulled over in front of a business in the City of Jackson. Elizabeth Taylor, who was sitting in the passenger seat, advised the officers that a wheel had fallen off the car and that Appellant, who had been driving the vehicle, had gone to look for it. Approximately ten to fifteen minutes later, Appellant returned to the vehicle. He smelled like alcohol, his speech was slurred, and his eyes were bloodshot; therefore, Sgt. Conley performed a horizontal gaze nystagmus test and a portable breath test on Appellant. Based on the test results, Sgt. Conway arrested Appellant for DUI and Patrolman Taylor transported him to the Patrol Post, where a trooper administered a breath alcohol content (BAC) test. The test revealed that Appellant's breath alcohol content was .096.
 {¶ 3} Following a trial, the court found Appellant guilty of DUI in violation of Jackson City Ordinance 333.01(a)(1). The court sentenced Appellant to 180 days in jail, with 150 days suspended, and a $500.00 fine. Appellant timely appealed his conviction and sentence, assigning the following errors: "ASSIGNMENT OF ERROR-I: The Court abused its discretion when it found the Defendant guilty of DUI, all of which was based on insufficient evidence. ASSIGNMENT OF ERROR-II: The Court abused its discretion and erred in its sentencing when it did not comply with ORC 2929, thereby immediately sentencing the Defendant without offering any rationale of factional nor legal basis for said sentencing. ASSIGNMENT OF ERROR-III: The Court abused its discretion and erred in permitting Patrolman Taylor to elicit hearsay wherein he testified as to what someone else (not a party) told him." We will address Appellant's assignments of error out of order because the resolution of the third assignment of error has a direct bearing on the first assignment of error.
 {¶ 4} In his third assignment of error, Appellant argues that the court erred in allowing Patrolman Taylor to testify that Elizabeth Taylor told him that Appellant was driving the vehicle because that testimony was hearsay. The court allowed this testimony over defense counsel's objection, noting that the statement was made during the investigation and the fact that the statement was made does not mean it was true.
 {¶ 5} An out-of-court statement offered to prove the truth of the matter asserted therein is hearsay and may be excluded at trial. Evid.R. 801(C). However, the definition of hearsay indicates that statements offered for some purpose other than proving the truth of the matters asserted are not hearsay. Id. and State v. Maurer (1984),15 Ohio St.3d 239, 262-263, 473 N.E.2d 768. Thus, an out-of-court statement offered to show why a witness acted in a particular manner is not hearsay. Id. See, also, State v. Messer (1994), 107 Ohio App.3d 51,57, 667 N.E.2d 1022. A trial court has broad discretion to determine whether a declaration should be admissible under the various exceptions to the hearsay rule. State v. Rohdes (1986), 23 Ohio St.3d 225, 229,492 N.E.2d 430, disapproved on other grounds by State v. Kidder (1987),32 Ohio St.3d 279, 513 N.E.2d 311.
 {¶ 6} Here, the trial court properly determined that the officer's testimony as to Ms. Taylor's statement could be offered to show why Patrolman Taylor and Sgt. Conway acted as they did. The trial court further recognized that the fact that Ms. Taylor made the statement did not render it true. Therefore, the court did not err in admitting the statement for a limited purpose and we find no merit in Appellant's third assignment of error.
 {¶ 7} In his first assignment of error, Appellant argues that his conviction is based upon insufficient evidence. We agree.
 {¶ 8} Our function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 9} Jackson City Ordinance 333.01(a)(1) provides that: "No person shall operate any vehicle within this Municipality, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 10} Although the State established that Appellant was under the influence of alcohol, the State failed to prove that Appellant was actually operating a vehicle. At trial, Patrolman Taylor testified that Ms. Taylor informed him that Appellant was driving the vehicle. However, as we noted in our discussion of Appellant's third assignment of error, this evidence was admissible only to explain Patrolman Taylor's actions, not to establish that Appellant was actually driving the vehicle.
 {¶ 11} Additionally, Patrolman Taylor testified that Appellant admitted that he was the driver of the vehicle. However, on cross-examination, Patrolman Taylor recanted this testimony and acknowledged that he never heard Appellant make this admission. Finally, Patrolman Taylor testified that Ms. Taylor was seated in the passenger's seat when the officers arrived on the scene. The State presented no additional evidence that Appellant was driving the vehicle.
 {¶ 12} In his defense case, Appellant testified that he was not driving the vehicle and that Ms. Taylor was driving. Ms. Taylor also testified that she was driving the vehicle, not Appellant. However, after the Court advised her of her Fifth Amendment right not to incriminate herself, Ms. Taylor refused to give any other testimony as to who was driving the car, though she did acknowledge that she does not have a driver's license.
 {¶ 13} We conclude that the State failed to present sufficient evidence that Appellant was driving the vehicle. The only substantive evidence the State presented that Appellant rather than Ms. Taylor was driving was Patrolman Taylor's testimony that Ms. Taylor was seated in the passenger's seat upon his arrival. While this testimony was certainly relevant, we cannot conclude that it is sufficient to establish beyond a reasonable doubt that Appellant was driving. Therefore, the State failed to prove one of the essential elements of DUI. We find merit in Appellant's first assignment of error.
 {¶ 14} Having found merit in Appellant's first assignment of error, we reverse his conviction. Therefore, his second assignment of error challenging the sentence imposed by the court is moot. We reverse and remand this matter to the trial court with instructions to discharge the defendant.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.