### In re JOHNSON.

[Cite as *In re Johnson* (1989), 61 Ohio App.3d 544.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55204.

Decided April 3, 1989.

*John T. Corrigan,* prosecuting attorney, and *Mary Papcke,* for appellee.
*Jonathan Garver,* for appellant.

MATIA, Presiding Judge.

Defendant-appellant, juvenile Kenyata Johnson, appeals from his adjudication of delinquency by the Cuyahoga County Court of Common Pleas, Juvenile Division. Testimony before the trial court revealed that on June 17, 1987 appellant entered the home of juvenile Lady Christian, after the two had conversed on the front porch of the latter, wherein appellant allegedly forced himself upon her and engaged in the act of sexual intercourse. Christian received medical treatment on the same day, and reported the incident to police while at the hospital.

Appellant was subsequently charged with aggravated burglary and rape, in violation of R.C. 2911.11 and 2907.02 respectively. The prosecutor's Juv.R. 30 motion to bind appellant over to the general division of the common pleas court for criminal proceedings as an adult was denied, and juvenile court retained its jurisdiction. After an adjudicatory hearing on December 30, 1987, the juvenile court found appellant delinquent of rape, but not of aggravated burglary. Appellant timely filed notice of appeal.

I

In his first assignment of error, appellant contends:

"The trial court committed prejudicial error by denying appellant's timely request for discovery of a statement given by the complaining witness to law enforcement officers."

Appellant argues that the prosecutor failed to provide appellant with a summary of the victim's oral statement to the police on the date of the incident, in contravention of Juv.R. 24, discovery. We agree.

Juv.R. 24 provides in pertinent part:

"(A) Request for discovery

"Upon written request, each party of whom discovery is requested shall forthwith produce for inspection, copying or photographing the following information, documents and material in his custody, control or possession:

"(1) The names and last known addresses of each witness to the occurrence which forms the basis of the charge or defense;

"(2) Copies of any written statements made by any party or witness;

"(3) *Transcriptions, recordings and summaries of any oral statements of any party or witness, except the work product of counsel;*

"(4) Any scientific or other reports which a party intends to introduce at the hearing, or which pertain to physical evidence which a party intends to introduce;

"(5) Photographs and any physical evidence which a party intends to introduce at the hearing." (Emphasis added.)

There is no question but that a narrative of the complaining witness was taken by police on the date of the occurrence. On August 3, 1987, appellant filed a Juv.R. 24(B) motion for discovery, after having failed to receive a satisfactory response to his Juv.R. 24(A) written request. In the motion, appellant requested, *inter alia*, summaries of oral statements of any witness. The trial court granted appellant's motion by journal entry of August 11, 1987, and ordered the prosecutor to comply with discovery.

Appellant still had not been provided discovery of the complaining witness' narrative when, on November 12, 1987, appellant filed yet another motion requesting the court to order the prosecutor to comply. The prosecutor was so ordered at a hearing on November 18, 1987. Appellant's counsel never received the requested materials, and objected once more at trial. The trial court this time refused to order production, reasoning that the narrative was not discoverable since it was not signed by the complaining witness and was not taken verbatim.

A trial court faced with a failure to comply with discovery in a juvenile case is granted discretion. See *In re Hester* (1982), 3 Ohio App.3d 458, at 461, 3 OBR 539, at 541–542, 446 N.E.2d 202, at 205–206. Juv.R. 24(C) states:

"If at any time during the course of the proceedings it is brought to the attention of the court that a person has failed to comply with an order issued pursuant to this rule, the court may grant a continuance, prohibit the person from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances."

There is nothing in Juv.R. 24 mandating the witness' signature on a narrative, nor does that rule specify that the statement must be taken verbatim.

Under the circumstances of this case, where only the complaining witness was presented by the prosecution to testify as to the actual occurrence, the right of appellant to impeach such witness' credibility within the bounds of the law must be carefully guarded. Juv.R. 24(A) unequivocally entitles appellant to production of Christian's narrative to the police. After four requests by the appellant, and two orders from the court, the prosecutor should have complied with appellant's rightful request. ˎ

Although there is no provision in the Juvenile Rules for an *in camera* inspection of a witness' statement, the gist of appellant's first assignment of error is well-taken. The trial court erred in failing to compel the prosecutor to comply with appellant's timely and licit requests for discovery.

We find prejudicial abuse of discretion in the trial court's actions in this regard. Accordingly appellant's first assignment of error is well-taken.

## II

In his second assignment of error, the appellant maintains:

"The trial court committed prejudicial error by denying appellant's motion for psychiatric examination of the complaining witness."

Appellant relies on *State v. Zeh* (1987), 31 Ohio St.3d 99, 31 OBR 263, 509 N.E.2d 414, to support his argument that he was entitled to compel the complaining witness to undergo psychiatric evaluation. Appellant's argument is without merit. In *Zeh, supra,* at paragraph two of the syllabus, the Ohio Supreme Court held:

"When the mental condition of the victim-potential witness is a contested, essential element of the crime charged, the defense may move the court that the state be barred from utilizing evidence of such mental condition obtained in a clinical interview of the witness prior to trial, unless such witness

voluntarily agrees to a court-appointed, independent examination with the results being made available to both sides."

The record reveals that the prosecution did not utilize clinical evidence of Christian's mental state; indeed, the record does not reveal that Christian underwent any such interview. More importantly, Christian's mental condition was not a contested, essential element in the instant case. That is, the mental condition of the victim is not an essential element of rape under the circumstances presented in the record. It would appear that, as for rape cases, the holding in *Zeh's* case could apply only where the defendant is prosecuted pursuant to R.C. 2907.02(A)(1)(a), wherein the defendant is charged with substantially impairing his victim's judgment or control through drugs or intoxicants. The instant matter was not such a case.

The trial court did not err in denying appellant's motion for psychiatric examination. Appellant's second assignment of error is not well-taken.

### III

Appellant argues in his third assignment of error that:

"The trial court committed prejudicial error by allowing the prosecuting attorney to impeach appellant with evidence of appellant's prior adjudication of delinquency."

Appellant posits that his April 27, 1987 adjudication of delinquency for the rape of an eight-year-old boy was inadmissible. Therefore, appellant argues, the prosecutor's cross-examination of appellant concerning that incident, purportedly to impeach appellant's credibility, resulted in prejudicial error.

Evid.R. 609(D) provides:

"Juvenile adjudications. Evidence of juvenile adjudications is not admissible except as provided by statute enacted by the General Assembly."

The General Assembly enacted R.C. 2151.358, which provides at subsection (H) as follows:

" * * * The disposition of a child under the judgment rendered *or* any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation. * * * "

Since this was neither a sentencing nor a probation proceeding, the general rule of Evid.R. 609(D) would apply. Thus, it appears that the trial court was in error in allowing evidence of appellant's prior adjudication of delinquency.

We note, however, that the trial court was already made aware of this prior delinquency months before the adjudicatory hearing in the amenability hearing relating to the prosecutor's Juv.R. 30 motion to bind-over appellant. The trial court in deciding the disposition of appellant pending further proceedings, inquired as to appellant's prior record and ultimately determined that appellant was to remain in detention, and a motion for home release was denied.

Further, the appellant was not tried before a jury of lay persons, and the trial court indicated in its sentencing that, for purposes of the trial, the court had "put out of its mind" appellant's prior adjudication of delinquency.

While the admission of the appellant's prior rape was technically improper, appellant has failed to demonstrate how he was prejudiced thereby. We find that this error on the part of the trial court in no way contributed to appellant's adjudication of delinquency for the rape of Ms. Christian and, therefore, the error was harmless beyond a reasonable doubt. See *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035; *State v. Jones* (July 1, 1982), Cuyahoga App. No. 44265, unreported, 1982 WL 2458, and *State v. Shaffer* (Dec. 16, 1982), Cuyahoga App. Nos. 44561 and 44495, unreported, 1982 WL 2636.

## IV

■■ Appellant's fourth and fifth assignments of error involve common issues of law and fact and will be considered together. Appellant complains:

"The trial court committed prejudicial error by preventing appellant from introducing evidence concerning statements made by the complaining witness to a third party concerning her desire to have sexual relations with appellant."

"The trial court deprived appellant of Due Process of law and the right to complusory [*sic*] process by preventing appellant from introducing evidence concerning statements made by the complaining witness to a third party concerning her desire to have sexual relations with appellant. Sixth and Fourteenth Amendments to the Constitution of the United States; Article I, Section 10 of the Constitution of the State of Ohio."

Appellant believes that his proffer of the testimony of Shanelle Sheppard, an acquaintance of both appellant and the complaining witness, regarding an assertion that Christian was physically attracted to, and sexually desirous of appellant was improperly excluded. We agree.

The prosecution argues that this testimony is precluded by Ohio's "rape shield" law, R.C. 2907.02(D). The "rape shield" law, however, is concerned only with the exclusion of evidence of the alleged victim's "sexual activity."

Sexual "desires" are not within the scope of "sexual activity" as the latter term is defined by statute.

"Sexual activity" is defined at R.C. 2907.01(C) as " * * * sexual conduct or sexual contact, or both." "Sexual conduct" is defined at R.C. 2907.01(A) as " * * * vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." "Sexual contact" is defined at R.C. 2907.01(B) as " * * * any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

Obviously, the "desires" of an alleged victim are not included within the definitions outlined above. Thus, the proposed testimony was not rendered inadmissible by operation of the "rape shield" law.

Appellant contends that the proffered testimony should have been admitted since it was relevant evidence. All relevant evidence is admissible, except as otherwise provided by law. Evid.R. 402. "Relevant evidence" is defined as:

" * * * evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

In the instant case, the primary defense was consent. That is, consent was an issue "of consequence to the determination of the action." We find that the proposed testimony of Shanelle Sheppard should have been admitted since it tended to establish that Christian consented to the act, thus negating the essential element of "force."

Such evidence is relevant, and is not otherwise rendered inadmissible by law. The trial court erred in excluding such evidence, under the circumstances of this case. For these reasons, appellant's fourth and fifth assignments of error are well-taken.

### V

■ In his sixth and final assignment of error, appellant maintains:

"The trial court committed prejudicial error by overruling appellant's objections to the testimony of Joseph Serowik."

Joseph Serowik is employed in the forensic science laboratory of the Cleveland Police Department. He utilized what is known as a clinical "sex crimes kit" on the date of the occurrence. Appellant complains that Serowik should not have been permitted to testify since the prosecutor did not supply the test results to appellant's counsel during discovery.

As noted in our discussion of appellant's first assignment of error, Juv.R. 24 governs the discovery process in juvenile proceedings, and vests broad discretion in the trial court. The trial court may limit or condition discovery, grant a continuance, prohibit parties failing to provide discovery from introducing the undisclosed material into evidence, or enter any befitting order. Juv.R. 24(B) and (C).

In the instant case, the trial court deemed it just under the circumstances to deny the prosecutor from introducing the test results into evidence as an exhibit, and limited Serowik's testimony to matters within his personal knowledge. Although Serowik's statement that one of the test results indicates that "semanial [sic] fluids may be present" may have been improperly admitted since it was based on mere possibility, *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 28 OBR 429, 504 N.E.2d 44, such testimony could not have resulted in reversible, prejudicial error in light of the fact that appellant admitted that sexual intercourse took place, but disputed the issue of consent.

We do not feel that the trial court's order amounted to an abuse of discretion. Any error was harmless beyond a reasonable doubt, and in no way contributed to appellant's adjudication of delinquency. Appellant's sixth assignment of error is not well-taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

F.E. Sweeney and J.F. Corrigan, JJ., concur.