JOURNAL ENTRY AND OPINION
Appellant, Franklin Milgrim, appeals from the judgment issued by the Cuyahoga County Court of Common Pleas, Juvenile Court Division, in which he was adjudged a delinquent premised upon a complaint charging him with felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony if committed by an adult.
The incident resulting in appellant being adjudged delinquent occurred on July 26, 1999. Appellant allegedly assaulted his grandmother, Shirley Wallace, with whom he was living, at her apartment located at 22065 River Oaks Drive in Rocky River, Ohio. On July 27, 1999, Patrolman Morron of the Rocky River Police Department filed a delinquency complaint against appellant alleging that he had knowingly caused serious physical harm to Shirley Wallace, in violation of R.C. 2903.11(A)(1). That same day, E. Gail Kittner, an intake officer at the Cuyahoga County Juvenile Detention Center, authorized appellant's admission to that facility, finding that detention or shelter care is required to protect the child from immediate or threatened physical or emotional harm. On July 28, 1999, an arraignment hearing was held before a juvenile court magistrate. At the hearing, appellant denied the allegations set forth in the complaint, and the magistrate entered a pretrial order in which he placed appellant in shelter care pending his adjudicatory hearing.
On July 30, 1999, appellant filed objections to the magistrate's pretrial order placing him in shelter care. On August 16, 1999, the juvenile court heard appellant's objections, and on September 14, 1999, the juvenile court overruled them. At a pretrial hearing held on September 23, 1999, the juvenile court set appellant's trial for November 2, 1999; however, on November 2, the juvenile court granted the prosecutor's motion for a continuance, and the trial was continued until December 7, 1999. Appellant's trial commenced on December 7, 1999. Based on the evidence presented at trial, the juvenile court found the allegations set forth in the complaint to be true and ordered that appellant be adjudged delinquent. From this judgment, appellant assigns the following errors:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE MAGISTRATE ORDERED APPELLANT CONFINED IN SHELTER CARE WITHOUT AN APPROPRIATE TIMELY ORDER.
 II. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN HE WAS HELD IN DETENTION WITHOUT A SHOWING OF PROBABLE CAUSE.
 III. APPELLANT WAS DENIED EQUAL PROTECTION OF THE LAW WHEN HE WAS NOT TRIED WITHIN NINETY (90) DAYS OF HIS ARREST.
 IV. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN WITNESSES TESTIFIED WHO HAD NOT BEEN DISCLOSED ON DISCOVERY.
 V. APPELLANT WAS DENIED A FAIR TRIAL WHEN EXTENSIVE HEARSAY WAS OFFERED INTO EVIDENCE.
 VI. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED THE PROSECUTOR TO CONTINUE THIS MATTER.
 VII. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF FELONIOUS ASSAULT.
In his first assignment of error, appellant alleges that he was denied due process of law because the magistrate placed him in shelter care without an appropriate timely order. Appellant contends that the magistrate's pretrial order placing him in shelter care pending his adjudicatory hearing did not comply with R.C. 2151.314. Appellant also contends that the magistrate's decision was not timely filed.
R.C. 2151.314 governs juvenile detention hearings and provides, in part:
 (A) When a child is brought before the court or delivered to a place of detention or shelter care designated by the court, the intake or other officer of the court shall immediately make an investigation and shall release the child unless it appears that the child's detention or shelter care is warranted or required under section 2151.31 of the Revised Code.
 If the child is not so released, a complaint under section 2151.27 of the Revised Code shall be filed and an informal detention or shelter care hearing held promptly, not later than seventy-two hours after the child is placed in detention or shelter care, to determine whether detention or shelter care is required. *** *** Unless it appears from the hearing that the child's detention or shelter care is required under the provisions of section 2151.31 of the Revised Code, the court shall order the child's release as provided by section 2151.311 [2151.21.1] of the Revised Code. *** (B) When the court conducts a hearing pursuant to division (A) of this section, all of the following apply:
 (1) The court shall determine whether an alleged abused, neglected, or dependent child should remain or be placed in shelter care.
 (2) The court shall determine whether there are any relatives of the child who are willing to be temporary custodians of the child. If any relative is willing to be a temporary custodian, the child would be placed or retained in shelter care, and the appointment is appropriate, the court shall appoint the relative as temporary custodian of the child, unless the court appoints another relative as temporary custodian. If it determines that the appointment would not be appropriate, it shall issue a written opinion setting forth the reasons for its determination and give a copy of the opinion to all parties and to the guardian ad litem of the child. * * *
 (3) The court shall make the determination and issue the written finding of facts required by section 2151.419
[2151.41.9] of the Revised Code.
* * *
Former R.C. 2151.419[1] provided:
 (A) At any hearing held pursuant to section * * * 2151.314
* * * of the Revised Code at which the court removes a child from his home or continues to the removal of a child from his home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from his home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from his home, to eliminate the continued removal of the child from his home, or make it possible for the child to return home. The agency shall have the burden of proving that it has made those reasonable efforts. If the agency removed the child from his home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make the reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts.
 (B) The court shall issue written finding of facts setting forth its determination under division (A) of this section. In its written finding of facts, the court shall briefly describe the relevant services provided by the agency to the family of the child and why those services provided by the agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home.
In the instant case, we cannot ascertain whether the magistrate complied with R.C. 2151.314(B)(2) by determining whether there were any relatives of appellant who were willing to be temporary custodians because appellant has not filed a transcript of the hearing held before the magistrate; however, we can determine that the magistrate did not comply with R.C. 2151.314(B)(3) because he did not issue written findings pursuant to R.C. 2151.419 setting forth what reasonable efforts were made to prevent the removal of appellant from his home.
Although the magistrate erred by failing to issue written findings pursuant to R.C. 2151.419, this error does not constitute reversible error because this court is not capable of providing an appropriate remedy to appellant on appeal. Appellant has already been adjudged delinquent, and the juvenile court placed him on probation and ordered the Cuyahoga County Department of Children and Family Services to file a dependency complaint. The court further ordered that appellant be placed in shelter care pending placement by the county. We note that appellant does not argue on appeal that the juvenile court erred by ordering that he remain in shelter care. Considering the juvenile court's disposition of appellant's case, it would not help appellant to remand this matter to the juvenile court for it to make the findings required by former R.C.2151.419(B).[2]
Appellant also argues that he was denied due process of law because the magistrate's pretrial order was not timely filed. The record demonstrates that the magistrate issued his pretrial order on July 28, 1999, but that order was not filed with the clerk as a journal entry until September 14, 1999. Although there was a significant delay between when the magistrate issued his order and when it was filed, appellant cannot demonstrate that he was prejudiced by this delay. The record reveals that appellant filed objections to the magistrate's order on July 30, 1999. The juvenile court heard these objections on August 16, 1999 and overruled them on September 14, 1999. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant alleges that he was denied his constitutional rights when he was held in detention without a showing of probable cause. Appellant contends that his placement in shelter care violated his Fourth Amendment rights because the juvenile court did not conduct a probable cause hearing. Appellant also argues that placing him in shelter care was contrary to Rule 7 of the Ohio Rules of Juvenile Procedure.
Appellant relies on the United States Supreme Court case of Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, for the proposition that the juvenile court was required to conduct a probable cause hearing within forty-eight hours after he was taken into custody; however, appellant's reliance on Gerstein is misplaced because juvenile rules governed the procedure in this case and did not require that the court conduct a probable cause hearing in appellant's case. As stated by the Supreme Court of Ohio, [j]uvenile courts have exclusive initial subject-matter jurisdiction over any case involving a person alleged to be delinquent for having committed, when younger than eighteen years of age, an act which would constitute a felony if committed by an adult. State v. Golphin (1998), 81 Ohio St.3d 543, 544, 692 N.E.2d 608. Juv.R. 1 governs the scope and applicability of the Ohio Rules of Juvenile Procedure and provides: These rules prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts * * *."
While the Ohio Rules of Juvenile Procedure provide for probable cause hearings, the appropriate rule only applies to when a juvenile court relinquishes jurisdiction over the case and transfers it to adult court. Juv.R. 30 states, in part:
 (A) Preliminary hearing. In any proceeding where the court considers the transfer of a cause for criminal prosecution, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and the act would be an offense if committed by an adult.
* * *
Because the juvenile court retained jurisdiction over appellant's case, Juv.R. 30 did not apply, and appellant's constitutional rights were not violated by the juvenile court's failure to conduct a probable cause hearing.
Appellant also argues that his placement in shelter care pending his adjudicatory hearing violated Juv.R. 7 because none of the standards set forth in that rule that permit a court to place a juvenile in shelter care applied to him. Because this argument requires this court to review the factual determinations made by the juvenile court, and appellant did not file a transcript of the hearing before the magistrate with this court, we cannot address appellant's argument. Appellant's second assignment is overruled.
In his third assignment of error, appellant alleges that he was denied equal protection of the law when he was not tried within ninety days of his arrest. Appellant contends that pursuant to R.C. 2945.71, he should have been brought to trial within ninety days. R.C. 2945.71 provides, in part:
 (C) A person against whom a charge of felony is pending:
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions * * * (C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
It is well-established law that R.C. 2945.71 does not apply when the juvenile court retains jurisdiction over the case. State ex rel. Williams v. Court of Common Pleas (1975), 42 Ohio St.2d 433, 434, 329 N.E.2d 680. Given that the Supreme Court of Ohio has concluded that Ohio's speedy trial statute is inapplicable to juvenile offenders similarly situated to appellant, we cannot conclude that such a holding violates appellant's right to equal protection under the law. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant alleges that he was denied due process of law because the prosecutor did not comply with the rules for discovery set forth in the Ohio Rules of Juvenile Procedure. Appellant contends that Officers Gouch, Thompson, and Wesnitzer should have been precluded from testifying at his adjudicatory hearing because the prosecutor did not disclose that the officers would be testifying about oral statements made to them by appellant.
Juv.R. 24 governs discovery requests in juvenile cases and provides in part:
 (A) Upon written request, each party of whom discovery is requested shall, to the extent not privileged, produce promptly for inspection, copying, or photographing the following information, documents, and material in that party's custody, control, or possession:
* * *
 (3) Transcriptions, recordings, and summaries of any oral statements of any party or witness, except the work product of counsel; * * *
In the instant case, the prosecutor failed to comply with appellant's discovery request because he did not disclose summaries of oral statements made by appellant to the police officers. As this court stated in In re Johnson (1989), 61 Ohio App.3d 544, 573 N.E.2d 184, A trial court faced with a failure to comply with discovery in a juvenile case is granted discretion. Id. at 548. Juv.R. 24(C) provides:
 If at any time during the course of the proceedings it is brought to the attention of the court that a person has failed to comply with an order issued pursuant to this rule, the court may grant a continuance, prohibit the person from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
At appellant's adjudicatory hearing, the juvenile court became aware that the prosecutor wished to have three police officers testify about oral statements made by appellant and that those statements had not been disclosed to appellant. The juvenile court called a recess after appellant objected to Officer Gouch's testimony, at which he gave appellant the choice of interviewing the officers during the recess or continuing the adjudicatory hearing in order to conduct discovery.
The record in this case demonstrates that appellant decided to interview the officers during the recess. Once the recess had ended, the juvenile court specifically asked appellant's counsel if he wished to have the case continued or if he was ready to proceed. Counsel for appellant responded that he did not want more time and that he was ready to proceed. Pursuant to Juv.R. 24(C), the juvenile court was well within its discretion in its proposed remedy for the prosecutor's failure to comply with discovery. We cannot conclude that appellant was denied due process merely because he chose not to accept the court's remedy. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant alleges that he was denied a fair trial when extensive hearsay was offered into evidence at his adjudicatory hearing. Appellant contends that much of the evidence submitted against him was inadmissible hearsay from John and Virginia Brister, who were staying in the apartment directly above Shirley Wallace's.
John and Virginia Brister testified that they had been staying at the apartment complex for four days, that the walls were very thin, and that they had become familiar with the voices of appellant and his grandmother, Shirley Wallace. Appellant argues that the following testimony was inadmissible hearsay. The Bristers both testified that at the time of the incident, they heard Shirley Wallace scream, Stop hitting me," and Help. They also heard her say, Oh, now look what you've done to me. Who's going to take me to the hospital? I'm hurting, and I'll tell them that I fell.
Over appellant's objections, the trial court allowed the Bristers to testify to the above statements on the grounds that those statements fell within the exceptions to the hearsay rule.
The trial court has broad discretion to determine whether a declaration should be admissible as a hearsay exception." State v. Dever(1992),64 Ohio St.3d 401, 410, 596 N.E.2d 436, citing State v. Rohdes (1986),23 Ohio St.3d 225, 229, 492 N.E.2d 430. Evid.R. 803 sets forth exceptions to the hearsay rule where the availability of the declarant is immaterial and provides, in part:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * *
 (2) Excited Utterance. A statement relating to a starting event or condition made while the declarant was under the stress of excitement caused by the event or condition. ***
We cannot conclude that the juvenile court abused its discretion by allowing the Bristers' testimony. All of the statements made by Shirley Wallace can be considered excited utterances because they related to the startling event of being assaulted and were made under the stress of that event. Appellant's fifth assignment of error is overruled.
In his sixth assignment of error, appellant alleges that he was denied due process of law when the juvenile court allowed the prosecutor to continue his case. Appellant contends that the juvenile court should have dismissed the case against him instead of granting the state a continuance due to the unavailability of a witness. Appellant also argues that the juvenile court violated Sup.R. 56 by granting the prosecutor's oral motion for a continuance.
Appellant's adjudicatory hearing was scheduled for November 2, 1999. An excerpt from the transcript of the proceedings held on that date indicates that the state requested a continuance due to the illness of an out-of-state witness. Juv.R. 23 states that [c]ontinuances shall be granted only when imperative to secure fair treatment for the parties. Furthermore, Juv.R. 29(A) states in part that [u]pon a showing of good cause, the adjudicatory hearing may be continued and detention or shelter care extended. In the instant case, the juvenile court granted the state's request for a continuance, reset appellant's adjudicatory hearing for December 7, 1999, and determined that it was in the best interest of appellant to give Cuyahoga County Children and Family Services emergency custody of him. We cannot conclude that the juvenile court abused its discretion by granting the state's request for a continuance. Appellant's argument that the court violated Sup.R. 56 by granting an oral request for a continuance has no merit. A review of Sup.R. 56 demonstrates that it only applies to proceedings in the probate court. Appellant's sixth assignment of error is overruled.
In his seventh assignment of error, appellant alleges that he was denied due process of law when he was convicted of felonious assault. Appellant argues that the juvenile court's determination that he is a delinquent child is against the manifest weight of the evidence because he did not knowingly cause serious harm to Shirley Wallace. He asserts that the evidence established that any contact between him and his grandmother was accidental. Appellant also argues that the juvenile court's determination was not supported by sufficient evidence because the state presented no proof of serious physical harm to Shirley Wallace.
The test to determine whether a judgment is against the manifest weight of the evidence is as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
After reviewing the entire record, we do not believe that the juvenile court's judgment is against the manifest weight of the evidence. The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v. DeHass(1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Although Shirley Wallace testified that she broke her knee when appellant accidentally bumped into her in the hallway of her apartment, the juvenile court chose not to believe her testimony. The state presented evidence that appellant injured his grandmother when he repeatedly hit her. We cannot conclude that the juvenile court lost its way or created such a manifest miscarriage of justice that its delinquency finding must be reversed and a new adjudicatory hearing ordered.
Appellant also contends that the delinquency determination was not supported by sufficient evidence. The proper test for reviewing sufficiency is set forth in State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, at paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Appellant argues that the state did not present evidence to prove beyond a reasonable doubt that he caused serious injury to Shirley Wallace. Causing serious physical harm is an essential element of the offense of felonious assault. R.C. 2903.11. Serious physical harm includes:
 Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.01(A)(5)(c) and (e).
When the sufficiency of evidence is attacked on appeal, an appellate court must determine whether the evidence presented at trial, if believed, is legally sufficient to sustain a conviction. In the instant case, the state presented the testimony of witnesses who heard Shirley Wallace say that appellant was hitting her, that he was hurting her, and that as a result she needed to go to the hospital. Furthermore, the state presented evidence that Shirley Wallace suffered a broken knee on the night of the beating. This testimony, if believed, would convince the average mind beyond a reasonable doubt that appellant caused serious physical harm to Shirley Wallace; therefore, the juvenile court's delinquency determination is supported by sufficient evidence. Appellant's seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE P.J., CONCURS, JAMES J. SWEENEY, J., CONCURS.
[1] R.C. 2151.419 was amended effective October 29, 1999, which was after the magistrate in this case entered his pretrial order.
[2] In a dependent children action where the juvenile court failed to comply with former R.C. 2151.419, the Fifth Appellate District remanded the matter for the court to make the requisite findings. In re Freed (July 21, 1997), Licking App. No. 96 CA 158, unreported.