[Cite as *In re B.C.H.*, 2017-Ohio-5810.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104893

## IN RE: B.C.H., ET AL.

[Appeal by Mother; Cross-Appeal by Father]

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. SU 14714420 and SU 14714421

**BEFORE:** Jones, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

**ATTORNEY FOR APPELLANT/CROSS-APPELLEE**

Anna M. Parise
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

**For Father**

Robert Roe Fox
Hanna Rasnick Evanchan Palmisano & Hobson, L.L.C.
388 South Main Street, Suite 402
Akron, Ohio 44311

**For CJFS-OCSS**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Terri M. Hammons-Brown
        Charlie C. Wu
Assistant County Prosecutors
9300 Quincy Avenue, 4th Floor
Cleveland, Ohio 44106

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant/cross-appellee, Mother, appeals the trial court's child support determination. Defendant-appellee/cross-appellant, Father, filed a cross-appeal. For the reasons that follow, we reverse and remand.

{¶2} Mother and Father were engaged, but never married. Mother gave birth to twins on February 4, 2013. On November 1, 2014, Mother filed a complaint to establish child support and requested past child support and birthing expenses. Father filed an answer and a complaint to establish a parent-child relationship.

{¶3} On March 12, 2015, Father moved for an extension of time to file his brief related to child support, stating he had not received discovery. On March 23, 2015, Father filed a motion to compel, asking the court to order Mother to submit documentation relating to her purported child care expenses. On April 7, 2015, the trial court issued an order stating that the briefs would be due April 20, 2015. On April 20, 2015, Father filed his child support brief and his second motion to compel, claiming that he still had not received discovery.

{¶4} The matter was continued numerous times and assigned to the docket of a visiting judge. It appears from the record that the matter of discovery was also discussed via emails and letters between the parties and at pretrials with the judge present, although none of those conversations appear to have occurred on the record.

{¶5} The matter finally proceeded to trial on April 22, 2016. On the day of trial, Father's counsel filed a motion a compel and also orally moved the court to exclude

exhibits relating to childcare expenses. Counsel for Father argued that he finally received discovery from Mother's attorney the day prior to trial, April 21, 2016, and did not have a chance to view said discovery until the morning of trial. When questioned, counsel for Mother admitted that she had not sent the documentation until the eve of trial. The court responded, "Well that's not enough time. I'll grant the motion. And she's had how many — how long has this been pending?" Mother's counsel indicated that the case had been pending since "November of '14." The court stated: "So she's had two years. If two years isn't enough time to get them until the day before trial, then that's her problem."

{¶6} During Mother's direct examination, her attorney asked a question about childcare expenses. Father's counsel objected, and the following exchange took place between the court and counsel:

Father's counsel:   You granted our motion in limine.

Court:   As it relates to birthing expenses.

Father's counsel:   No.   It says birthing and childcare expenses.

Court:   Well, birthing and — that I granted.   The childcare, she can talk about childcare.

* * *

Father's counsel: I have to continually note my objections, your Honor. These are the documents I received yesterday afternoon for the first time.

Court: But you knew there was going to be a childcare issue.   Whatever it is, it is.

Father's counsel: Well, if I may.   That's far different than knowing what

the exorbitant claim [or] cost is.

{¶7} Mother testified that she employed two nannies and paid them each $17 to $20 an hour. Mother claimed she paid child care expenses that totaled $12,233 in 2013, $28,295.50 in 2014, $35,230 in 2015, and $10,190 through the date of trial in 2016. The contested discovery included numerous photocopies of checks made out to the two child care providers and a typed summary of Mother's yearly child care expenses.

{¶8} After the hearing and post-trial briefs, the court awarded Mother $2,000 a month per child in support retroactive to November 1, 2014; no award for birthing expenses; and ordered the parties to pay their own attorney fees.

{¶9} Mother filed a notice of appeal raising the following assignments of error:

I. The Trial Court erred and/or abused its discretion in ordering child support effective 11/1/2014 (date of filing of the motion to establish support) and failing to consider the motion for past care support.

II. The Trial Court erred and/or abused its discretion by failing to appropriately consider the needs and standard of living of the children and parents in determining a child support order for a combined income in excess of $150,000 pursuant to R.C. 3119.04.

III. The Trial Court erred and/or abused its discretion by failing to issue an order for the payment of private schooling and/or college expenses of the minor children in consideration of the needs and standard of living of the parties.

{¶10} Father raised two cross-assignments of error:

I. The Trial Court abused its discretion in failing to first determine whether child support at the $150,000 threshold amount would be unjust or inappropriate or would not be in the best interests of the child, obligor, or oblige and then exceeding the threshold amount in awarding child support of $4,000 per month.

II.   The Trial Court abused its discretion and committed prejudicial error when it permitted the introduction into evidence [of] Appellant's child care expenses.

{¶11} We address Father's second cross assignment of error first because we find that it is dispositive of this appeal.

{¶12} Civ.R. 26 sets forth the general provisions governing discovery and states that it is the policy of the discovery rules:

(A)(1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of an adversary's industry or efforts.

{¶13} Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.   Civ.R. 26(B)(1). Civ.R. 37 allows a party to move for an order compelling discovery.   If the court grants the order and a party fails to comply, the court may issue further orders that include the following:

(a)   Directing that the matters embraced in the order or other designated facts shall be taken as established for purposes of the action as the prevailing party claims;

(b)   Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(c)    Striking pleadings in whole or in part;

(d)    Staying further proceedings until the order is obeyed;

(e)    Dismissing the action or proceeding in whole or in part;

(f)    Rendering a default judgment against the disobedient party; or

(g)    Treating as contempt of court the failure to obey any orders except an

order to submit to a physical or mental examination.

Civ.R. 37(B)(1)(a)-(g).

{¶14} A court has broad discretion when administering discovery in a juvenile case. *In re Johnson*, 61 Ohio App.3d 544, 548, 573 N.E.2d 184 (8th Dist.1989). Its decisions may only be reversed when it abuses that discretion. *In re Lucas*, 29 Ohio App.3d 165, 171, 504 N.E.2d 472 (3d Dist.1985). An abuse of discretion is more than an error of law or judgment; rather, it is an unreasonable, arbitrary or unconscionable attitude by the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). We find that the trial court abused its discretion in this case.

{¶15} Mother argues that the trial court granted Father's motion to exclude evidence *only* as to her birthing expenses and, therefore, the court never granted Father's motion to exclude evidence of her child care expenses. Mother also claims that the court offered Father a one-day continuance mid-trial, which Father refused; therefore, he cannot now claim that the trial court abused its discretion in denying his motion. We disagree.

{¶16} Based on the plain language of Father's April 20, 2016 motion to compel, motion in limine, and the trial transcript, the court initially granted Father's motion and

excluded evidence as to Mother's birthing *and* child care expenses; and Father's counsel proceeded to trial believing the discovery would not be allowed into evidence. Even if the court misunderstood the content of Father's motion and meant only to exclude birthing expenses, we find that the court abused its discretion when it allowed the documentation into evidence without allowing Father ample time to review the evidence.

{¶17} Although,"Ohio's appellate courts have consistently held that, absent a motion to compel, the juvenile court in juvenile proceedings does not abuse its discretion in admitting evidence not previously disclosed pursuant to a discovery request," *In re Halstead*, 7th Dist. Columbiana No. 04 CO 37, 2005-Ohio-403, ¶ 23, Father filed not just one, but three motions to compel. His initial motion to compel was filed in March 2015, when he moved for a continuance to file his child support brief. His motion was based on the contention that he had yet to receive documentation that supported Mother's child care expenses; without knowing how much Mother spent on childcare, Father was unable to calculate how much support he should be paying. Father's second motion to compel was filed contemporaneously with his brief on child support. In this motion to compel, he again claimed he had not received complete information related to child care expenses. The record reflects that Mother had supplied him only with highlighted bank records that showed cash payouts and her tax returns, which did not show any child care deductions or other child care related expenses. Thus, Father complied with the court's order to file his brief on child support even though he had yet to receive discovery on the very matter he was supposed to brief.

**{¶18}** Father's third motion to compel and motion in limine were filed the day of trial. Father's counsel informed the court that he received discovery on April 21, 2016, the day before trial, at 3:30 p.m. Mother filed her initial complaint November 17, 2014; Father filed for discovery in January 2015. Thus, Mother had approximately 15 months during which she could turn over discovery to Father and she failed to do so. Moreover, during trial Mother admitted that she had the discovery prior to trial but did not submit it to her attorney.

**{¶19}** Although we are cognizant that the trial court offered a one-day continuance, that offer was made during Mother's cross-examination, which was near the end of trial.

**{¶20}** Mother asked the court to establish a child support obligation. But then Mother failed to turn over relevant and vital information on the very subject matter of her complaint until the day before trial, despite Father's repeated attempts to obtain that discovery.

**{¶21}** Based on these facts, the trial court abused its discretion. Father's second cross-assignment of error is sustained. Based on our disposition of the second cross-assignment of error, Mother's assignments of error and Father's first cross-assignment of error are moot. *See* App.R. 12(C).

**{¶22}** Judgment reversed, and case remanded for a new trial.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga

County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR