[Cite as *In re P.K.*, 2019-Ohio-2310.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| IN THE MATTER OF: P.K. | : | JUDGES: | |
| | : | Hon. John W. Wise, P.J. | |
| ALLEGED DELINQUENT CHILD | : | Hon. Craig R. Baldwin, J. | |
| | : | Hon. Earle E. Wise, J. | |
| | : | | |
| | : | | |
| | : | Case No. 19 CA 07 | |
| | : | | |
| | : | O P I N I O N | |


CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
                                                            Court of Common Pleas, Juvenile
                                                            Division,  Case No. 18JA00437




JUDGMENT:          Affirmed




DATE OF JUDGMENT:          June 10, 2019




APPEARANCES:

For Plaintiff-Appellant                              For Defendant-Appellee P.K.

JAMES R. SKELTON                              STEPHANIE L. CHURCH
MELISSA R. BRIGHT                              Tribbie, Plummer, Church & LaPlante, LLC
Assistant Guernsey County                  139 West Eighth Street
Prosecuting Attorneys                          P.O. Box 640
627 Wheeling Avenue                          Cambridge, Ohio 43725
Cambridge, Ohio 43725

*Baldwin, J.*

**{¶1}**  Appellant State of Ohio appeals from the March 4, 2019 Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division.

### STATEMENT OF THE FACTS AND CASE

**{¶2}**  On November 5, 2018, a complaint was filed alleging that P.K. was a delinquent child. The complaint alleged that P.K. had walked away from law enforcement officers three times after being asked to come towards the officers, had pulled her hands from the arresting officers, and had pulled her left hand free from handcuffs and that the offense, if committed by an adult, would constitute a violation of R.C. 2921.31, obstructing official business, a misdemeanor of the second degree. P.K. had run away from her grandmother's home and refused to return home. At the arraignment on December 10, 2018, a technical denial was entered by the trial court on behalf of P.K.

**{¶3}**  On December 21, 2018, appellee's counsel filed a Juv.R. 24 discovery request. Appellant, acting through the Guernsey County Prosecutor's Office, filed a response to the request on January 4, 2019. The response included a 4 page report from the Cambridge Police Department and the names of the two officers involved in the case. No officer body camera recordings were provided.

**{¶4}**  As memorialized in a letter dated January 17, 2019 from an Assistant Prosecuting Attorney to appellee's counsel, appellee's counsel was advised that there were no video recordings available for the incident involving P.K.  Attached to the letter was a copy of a text conversation between the Prosecuting Attorney's Secretary and Sergeant Gebhart of the Cambridge Police Department stating that there was no video.

{¶5} The trial court, as memorialized in a Journal Entry filed on January 22, 2019, ordered that all discovery was to be completed within fourteen (14) days. On January 31, 2019, appellee P.K. filed a discovery compliance pursuant to Juv.R. 24 indicating that the two recordings might be used at the trial in the matter.

{¶6} On February 11, 2019, appellee's counsel filed a Motion to Dismiss or, in the Alternative, Motion for Sanctions. Appellee's counsel, in such motion, stated that she had obtained the video recordings on or about January 30, 2019 pursuant to a public records request to the Cambridge Police Department. Counsel argued that appellant's failure to provide the recordings constituted a violation of the requirements of in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and asked that the matter be dismissed or other appropriate sanctions imposed. Appellant filed a memorandum, in opposition to appellees' motion on February 22, 2019 arguing that no *Brady* violation had occurred because the recordings were not exculpatory and no prejudice had occurred. Appellee's counsel filed a reply on February 28, 2019.

{¶7} Pursuant to a Journal Entry filed on March 4, 2019, the trial court denied the Motion to Dismiss, but granted the alternative Motion for Sanctions and ordered the Guernsey County Prosecutor's Office to pay the attorney fees of appellee's attorney for the time required to discover the body camera video and the time spent preparing the filing the Motion to Dismiss and reply. The trial court, in its Journal Entry, found that the evidence had been suppressed by the State of Ohio, but that there had been no suggestion that the evidence was willfully suppressed. The trial court stated, in relevant part, as follows: "However, it does appear that a halfhearted effort was made to discover evidence. It is well known that the Cambridge Police Department Officers have body

cameras on their person. It is also well known that they are to have cameras on when an incident, stop, or investigation is taking place." The trial court further found that P.K. was not prejudiced because the videos were discovered by defense counsel fourteen days prior to trial and that, therefore, P.K. was not denied due process. The trial court, in its Journal Entry, further stated, in relevant part, as follows:

> However, having found that the alleged delinquent was not prejudiced does not excuse the State of Ohio's lack of effort in this matter. Defense Counsel is an experienced lawyer and former prosecutor. She is aware of the policies of the various law enforcement agencies in this County and knows who to call to find information. A less experienced attorney may not know that information and could result in their clients not receiving the Due Process that they are entitled to under the laws of this Country.

**{¶8}** Appellant State of Ohio now appeals from the trial court's March 4, 2019 Journal Entry, raising the following assignments of error on appeal:

**{¶9}** "I. THE TRIAL COURT IMPROPERLY ORDERED THE GUERNSEY COUNTY PROSECUTOR'S OFFICE TO PAY ATTORNEY FEES, AS A *BRADY* MOTION DOES NOT OFFER LEGAL FEES AS AN APPROPRIATE REMEDY FOR THE COURT."

**{¶10}** "II. UNDER THE RULES OF CRIMINAL PROCEDURE ONLY MOTION FOR A CONTEMPT WOULD ALLOW FOR THE AWARD OF LEGAL FEES AND IF THE JUDGE CONSTRUED THE MOTION AS A CONTEMPT MOTION, HE STILL COULD NOT AWARD LEGAL FEES AS HE FOUND THIS MOTION NOT WELL TAKEN AND DENIED THE SAME."

I, II

{¶11} Appellant, in its two assignments of error, argues that the trial court had no authority to order the payment of attorney fees as a sanction or remedy for a *Brady* violation. We disagree.

{¶12} Crim.R. 16 provides, in relevant part, as follows:

(L) Regulation of Discovery.

The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, <u>or it may make such other order as it deems just under the circumstances.</u> (Emphasis added).

{¶13} Furthermore, under Juv.R. 24(C), the trial court can impose sanctions for failure to comply with discovery orders. The court may grant a continuance, prohibit the person from introducing in evidence the material not disclosed, or "enter such other order as it deems just under the circumstances". Juv.R. 24(C). A trial court is vested with discretion when faced with a failure to comply with discovery in a juvenile case. *In re Johnson*, 61 Ohio App.3d 544, 548, 573 N.E.2d 184 (8th Dist.1989). A juvenile court's decision regarding a discovery dispute is therefore reviewed by an appellate court under an abuse of discretion standard. See *id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and

not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} In the case sub judice, we find that the trial court did not abuse its discretion in ordering the Guernsey County Prosecutor's Office to pay appellee's attorney's fees as a result of appellant's failure to provide discovery materials because the trial court had broad authority to "enter such other order as it deems just under the circumstances". The trial court, as memorialized in a Journal Entry filed on January 22, 2019, ordered that all discovery was to be completed within fourteen (14) days. However, after appellant failed to produce the videotape recordings, appellee's counsel was forced to obtain them through a public records request submitted on January 25, 2019. We find that, under the circumstances, the trial court's decision was not arbitrary, unconscionable or unreasonable. We note that both the United States and Ohio Supreme Courts have held that the obligation of the prosecution to share favorable material evidence with the defense extends to information, such as in the case sub judice, not in the actual possession of the prosecution but within the knowledge of "others acting on the government's behalf." *State v. Sanders*, 92 Ohio St.3d 245, 2001- Ohio-189, 750 N.E.2d 90), quoting *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 508 (1995). *Brady* suppression occurs when the government fails to turn over even evidence that is "known only to police investigators and not to the prosecutor," *Kyles*, 514 U.S., at 438, 115 S.Ct. 1555. See id., at 437, 115 S.Ct. 1555 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

{¶15} Appellant's two assignments of error are, therefore, overruled.

{¶16} Accordingly, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.